Shirley **SHIFFLER**, Administratrix of the Estate of John W. Shiffler, Deceased, and Shirley Shiffler, in her own right

v.

The **EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES** and Westinghouse Electric Corporation and Westinghouse Insurance Plan.

Civ. A. No. 84–6344.

United States District Court, E.D. Pennsylvania.

May 28, 1985.

Michael R. Lastowski, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for Equitable Life.

William J. Payne, Kleinard, Bell & Brecker, Philadelphia, Pa., for Westinghouse.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This action was originally filed in the Court of Common Pleas of Philadelphia County in November, 1984. Although the suit is denominated an "Action in Declaratory Judgment," the complaint seeks an order directing the defendants to make payment to plaintiff of amounts allegedly due under two insurance policies issued to the deceased, John W. Shiffler, through his employer, Westinghouse Electric Corporation ("Westinghouse"). Coverage for both policies was provided by Equitable Life Assurance Society of the United States ("Equitable"). Westinghouse Electric Company is the plan administrator for both plans. Westinghouse and Equitable are defendants in this action as is Westinghouse Insurance Plan ("the Plan").

In December 1984, defendants removed this action to this court. The petition for removal stated that this court had original jurisdiction to hear this action pursuant to

28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) in that the suit sought to recover benefits and enforce rights under employee benefit plans and thus, was properly labelled an action under the Employee Retirement Income Security Act ("ERISA").

Plaintiff filed an "answer to petition for removal" on January 10, 1985. This document was treated as a motion to remand to the Court of Common Pleas and defendants filed a response to this motion on January 22.

The motion to remand argued that the suit raised "a narrow issue encompassed under section 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)) over which there is concurrent jurisdiction of both State and Federal Courts and Plaintiff is entitled to pursue her remedies in State Court." Brief in Support of Plaintiff's Answer to Defendants' Petition for Removal at 2. In a Memorandum/Order dated January 31, 1985, this court denied the motion to remand. This decision was based upon the fact that plaintiff did not contest the characterization of the suit as one arising under ERISA and the existence of concurrent state and federal court jurisdiction to hear such suits. I rejected plaintiff's argument that she was entitled to select a state forum rather than a federal forum for her suit and adopted the analysis of this issue set forth in *McConnell v. Marine Engineers Beneficial Association*, 526 F.Supp. 770 (N.D.Cal.1981).

Plaintiff filed a notice of appeal of this ruling on February 15, 1985. On March 18, the Court of Appeals for the Third Circuit granted defendants' motion to quash the appeal due to the lack of a final order.

Immediately thereafter, on March 22, 1985, plaintiff filed a second motion to remand this suit to the Court of Common Pleas. Defendants oppose this motion on the ground that it merely repeats the arguments made in the original motion to remand. Defendants also contend that the filing of this motion constituted a violation of Federal Rule of Civil Procedure 11 and seek an award of counsel fees thereunder.

Although the second motion to remand contains some discussion of the arguments which were rejected by this court in the Memorandum/Order of January 31, 1985, those arguments do not form the sole basis for the second motion to remand. The current motion also asserts that the action was not properly characterized as a suit under ERISA. Plaintiff contends that the complaint contains solely state law claims against the defendants and that plaintiff did not intend to assert rights under ERISA. Therefore, plaintiff argues, this court could not have had original jurisdiction of this case since diversity of citizenship is lacking. Consequently, the suit was removed to this court without a basis for federal jurisdiction, plaintiff contends, and this court has no choice but to remand the matter to the state courts.

The principles which govern the issues raised by the present motion were quite recently addressed by Justice Brennan, speaking for a unanimous Court, in *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust For Southern California*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In that case, the California Franchise Tax Board had sued in a California state court to recover taxes allegedly due to the state from the Construction Laborers Vacation Trust, an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1). The defendant removed the action to federal court and a motion to remand was denied. The district and circuit courts thereafter addressed the merits of the Franchise Tax Board's claim. On certiorari, the Supreme Court concluded that the district court lacked removal jurisdiction and ordered the matter remanded to the state court.

■ In reaching this conclusion, the Court reviewed the general principles to be applied when determining whether a case presents a federal question for purposes of federal subject matter jurisdiction. The first issue to be considered is whether the "well-pleaded complaint" rule has been satisfied.

Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914) *quoted in Franchise Tax Board, supra,* at 103 S.Ct. 2846. Thus, the fact that a defendant may assert an affirmative defense based upon federal law is not a basis for a federal court to obtain jurisdiction. A federal right or immunity must be an essential element of the plaintiff's cause of action for the suit properly to be maintained in federal court. *See Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

■ When applying this principle, the courts have consistently held that "the party who brings a suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). "[W]here plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground." *Salveson v. Western States Bankcard Association,* 731 F.2d 1423, 1427 (9th Cir.1984) *quoting* 1A *Moore's Federal Practice* ¶ 0.160, at 185 (2d ed. 1979).

Applying these principles to the complaint in the present case, there does not appear to be a basis for federal jurisdiction. None of the claims in the complaint explicitly relies upon ERISA or any other federal statute. Plaintiff seeks to apply general rules of contractual interpretation as well as equitable principles of estoppel as a basis for recovery of the amounts allegedly due under the two insurance policies in question. These causes of action would usually be governed by state law.

Defendant argues that at least some of plaintiff's claims are preempted by ERISA which contains a broad provision displacing all state laws which relate to any employee benefit plan as described in ERISA. 29 U.S.C. § 1144. In addition, defendant asserts, the remaining state law claims in the complaint are properly before this court since they are pendent to the ERISA claims.

■ As a general matter, preemption is a defense which can not be considered when determining whether the complaint contains any federal question claims which support federal court jurisdiction. *Trent Realty Associates v. First Federal Savings and Loan Association of Philadelphia,* 657 F.2d 29 (3d Cir.1981). However, the courts have created a limited exception to this rule when the plaintiff's "artful pleading" is the sole reason for the omission of the federal issue from the complaint. In other words, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Board, supra,* 103 S.Ct. at 2853.

■ This "artful pleading" doctrine does not turn upon the motives of the plaintiff in framing the complaint. The question to be considered under this doctrine is whether the suit brought by the plaintiff is one which is necessarily governed by federal law even though state law would provide a basis for such a suit in the absence of federal law.

This doctrine has most frequently been applied to suits which fall within the purview of § 301 of the Labor Management Relations Act ("LMRA"). Thus, in cases such as *Avco Corp. v. Aero Lodge No. 735, Int'l Assn of Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), suits brought in state court in the guise of contract actions but which involve agreements within the scope of § 301 have been found to be actions within the original jurisdiction of federal courts. Some courts have suggested that the "artful pleading" doctrine is uniquely applicable to labor law issues in which federal statutes so dominate the

landscape that a labor law suit in state court will necessarily involve the application of federal principles. *Eitmann v. New Orleans Public Service, Inc.,* 730 F.2d 359 (5th Cir.1984). Courts which take this restrictive view of the "artful pleading" doctrine have thus declined to apply it to suits in which the state law claim is allegedly displaced by ERISA. *Powers v. South Central United Food & Commercial Workers Unions and Employers Health & Welfare Trust,* 719 F.2d 760 (5th Cir.1983). *See also Bell v. Amcast Industrial Corp.,* 607 F.Supp. 486 (S.D.Ohio 1985).

However, Justice Brennan's opinion in *Franchise Tax Board* clearly establishes that the "artful pleading" doctrine is not merely applicable to labor law disputes. That opinion describes the general principles derived from *Avco* as follows:

> The necessary ground of decision was that the preemptive force of § 301 is so powerful as to disclace entirely any state cause of action "for violation of contracts between an employer and a labor organization." Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301. Avco stands for the proposition that if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily "arises under" federal law.
>
> .... It may be that, as with § 301 as interpreted in Avco, any state action coming within the scope of § 502(a) of ERISA would be removable to federal district court, even if an otherwise adequate state cause of action were pleaded without reference to federal law.

*Franchise Tax Board, supra,* 103 S.Ct. at 2853–54 (footnotes omitted). The Court then evaluated whether the cause of actions asserted in the case before it could be said to have been displaced by ERISA and concluded that they could not because ERISA did not provide for suits of the type asserted in the complaint before them. Thus, the state law claims in that complaint were not inherently matters governed by federal law and were remanded to the state courts for resolution on the merits.

■ Although *Franchise Tax Board* was found not to involve a case of "artful pleading," it is apparent from the discussion of that doctrine in the Court's opinion and from the analysis employed by the Court in arriving at its holding that even where the complaint does not explicitly present federal claims, the suit may be removed to federal court if a federal statute displaces the state law cause of action alleged. In such circumstances the state law claim alleged by the plaintiff has been preempted by federal law and cannot form a basis for relief. At the same time, federal law provides a cause of action which replaces the preempted state law claim. Therefore, the claim necessarily arises under federal law despite the failure of the complaint to identify the federal statutory basis for suit.[1]

As noted earlier, ERISA contains a broad preemption clause which states:

> the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereinafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

1. The Court of Appeals for the Ninth Circuit has concluded that the "artful pleading" doctrine creates two classes of preemption which are treated differently for purposes of federal jurisdiction. In one case, federal law preempts a state law cause of action but provides no federal law cause of action to replace the preempted claim. In that situation, preemption is solely a defense and cannot be relied upon as the basis for removal. In the other case, federal law both preempts the state law cause of action and cre-

ates a federal cause of action to replace the preempted claim. In the latter situation, despite the fact that the complaint appears to present only state law claims, those claims are necessarily governed by federal law and may form the basis for federal question jurisdiction. *E.g., Hunter v. United Van Lines,* 746 F.2d 635 (9th Cir.1984); *Olguin v. Inspiration Consolidated Copper Co.,* 740 F.2d 1468 (9th Cir.1984); *Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367 (9th Cir.1984).

29 U.S.C. § 1144(a).[2] However, the statute also creates some exceptions to this broad preemption provision. For example, subsection (b)(2)(A) of section 1144 states that state laws regulating insurance, banking or securities are unaffected by ERISA.

Defendant contends that this broad preemption provision establishes that some of plaintiff's claims are necessarily governed by federal law. However, plaintiff asserts that certain of the claims asserted in the complaint are the types of state law claims which fall within the exceptions to the preemption clause of ERISA.

■ Unfortunately, neither party has addressed the preemption issue in a manner which would allow this court properly to evaluate whether any of plaintiff's asserted state law claims has been displaced by ERISA and replaced by a federal cause of action.[3] Therefore, before I can rule on the appropriateness of removal in the present case, I must ask the parties for further briefing on the following questions:

1) Which of the counts of plaintiff's complaint, if any, assert claims which are preempted by ERISA and replaced by a cause of action under 29 U.S.C. § 1132(a)(1)(B)?[4]

2) If any claims are identified under question 1 as a basis for removal, what would be the basis for this court's jurisdiction (1) over the claims which are not preempted and replaced by ERISA and/or (2) over the parties against whom only state law claims have been stated?

Once these questions have been fully briefed, I will have a basis for evaluating whether this court has subject matter jurisdiction of any of plaintiff's claims under the "artful pleading" doctrine as explained in *Franchise Tax Board*.

■ Because the burden is upon the removing party to establish that removal was proper, 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3739 at 574 (1985), I will order that defendants submit the first brief on these questions within twenty (20) days of the date of this Memorandum. Plaintiff will then be allowed fourteen (14) days from the date of filing of defendants' brief in which to file a responsive brief. Defendants will be allowed ten (10) days from the date of filing of plaintiff's brief in which to submit a reply brief.

Also pending before this court at this time is Equitable's motion to compel re-

---

**2.** ERISA defines "State law" to include "all laws, decisions, rules, regulations, or other State action having the effect of law, or any State." 29 U.S.C. § 1144(c)(1).

**3.** Plaintiff asserts that at least one of the insurance policies under which plaintiff seeks benefits, the Personal Accident Insurance Plan, is not an employee welfare benefit plan subject to ERISA. However, plaintiff admits that the other policy, the Westinghouse Insurance Plan, Group Policy, is subject to ERISA. Thus, even if plaintiff is correct in her representation regarding the status of the Personal Accident Insurance Plan—a question I need not resolve at this time—it is possible that ERISA applies to the Westinghouse Insurance Plan, Group Policy and that the claims relating to that policy would ultimately be found to be federal in nature. If so, the Westinghouse Insurance Plan, Group Policy claims could provide a basis for federal question jurisdiction while the claims relating to the Personal Accident Insurance Plan could arguably remain in this forum as pendent state law claims.

**4.** ERISA provides for concurrent state and federal court jurisdiction of claims brought by a participant or beneficiary to recover benefits due under the terms of a plan, to enforce rights under the terms of a plan, or to clarify rights to future benefits under a plan. These are claims under 29 U.S.C. § 1132(a)(1)(B). All other civil actions created by ERISA are matters over which federal courts have exclusive jurisdiction. 29 U.S.C. § 1132(e)(1).

If a claim is one which is within the exclusive jurisdiction of the federal courts, it cannot be removed to federal court from state court since the state court had no jurisdiction over the claim. *Lambert Run Coal Co. v. Baltimore & Ohio RR Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); 1A *Moore's Federal Practice* ¶ 0.157[3.–1] to [3.–5] (1985); 14A C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure* §§ 3721 and 3722 (1985). When such a claim is removed to the federal court it must be dismissed for lack of jurisdiction. Therefore, the only type of ERISA claim which could replace a state law claim and form a basis for a valid removal would be a claim under 29 U.S.C. § 1132(a)(1)(B).

sponses to its request for production of documents. Plaintiff opposes this motion on the ground that discovery is inappropriate while this court's subject matter to hear this case is undecided. However, whether or not this court concludes that plaintiff's motion to remand should be granted, discovery will proceed between these parties either in a state court or in this court. Therefore, there is no benefit to the parties by delaying discovery pending the resolution of the present motion to remand. Accordingly, I will grant Equitable's motion to compel.