**CHARTER MEDICAL CORPORATION, Plaintiff,**

v.

**Bill FRIESE, Defendant/Third–Party Plaintiff,**

v.

**HARTFORD LIFE INSURANCE COMPANY, Third–Party Defendant.**

**No. 1:89–CV–2013–RHH.**

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 17, 1989.

Bobby G. New, Smyrna, Ga., for plaintiff.

Joseph I. Weinberg, Atlanta, Ga., for third-party plaintiff.

Joseph I. Weinberg, Clyde Edgar Rickard, III, Edwin L. Hamilton, Atlanta, Ga., for third-party defendant.

ORDER

ROBERT H. HALL, District Judge.

This action is currently before the court on defendant and third-party plaintiff Bill Friese's motion to remand. For the reasons stated below, the court DENIES the motion to remand.

FACTS

Plaintiff Charter Medical Corporation ("Charter"), doing business as Charter Peachford Hospital, filed its complaint in the State Court of Fulton County against defendant/third-party plaintiff Friese. Charter claims that Friese owes it $8305.60, plus interest and attorney's fees. Defendant filed a third-party complaint against Hartford Life Insurance Company ("Hartford") on August 4, 1989. Defendant claims that Hartford is responsible for the hospital bills incurred by defendant. On September 7, 1989, Hartford removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446. Hartford claims that this court has jurisdiction over the action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Friese now requests that this court remand the action to the State Court of Fulton County.

DISCUSSION

■ Third-party defendant Hartford removed the above-styled action to federal court, maintaining that any claims against Hartford arise under ERISA, 29 U.S.C. § 1001, *et seq.* Third-party plaintiff Friese seeks remand on the grounds that (1) a third-party defendant has no right to seek removal under 28 U.S.C. § 1441 and (2) Friese's claims are based on state law and therefore are not preempted under ERISA. The court analyzes these arguments in turn, mindful of the fact that Hartford, as the party seeking to sustain the removal, has the burden of establishing federal jurisdiction.

I. *Third–Party Defendant's Right to Remove*

■ 28 U.S.C. § 1447(c) requires a district court to remand a case to state court

when it determines that case was removed without jurisdiction.[1] Generally, a complaint may not be removed from state court to federal court unless it could have been filed originally in federal court. 28 U.S.C. §§ 1331, 1441; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).

The relevant part of the removal statute, 28 U.S.C. § 1441, states:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

■ The first inquiry for this court is whether the language of 28 U.S.C. § 1441 permits a third-party defendant to remove an action to federal court. As is evident above, the language of section 1441(a) states that "the defendant or the defendants" may remove the action. Courts are divided on whether the language of this statute allows a *third-party* defendant to remove an action. *See Soper v. Kahn*, 568 F.Supp. 398, 400–01 (D.Md.1983). A number of courts take the view, espoused by Moore in 1A Moore's Federal Practice 2d ed. ¶ 0.167[10], that the third-party defendant has no right to removal under 28 U.S.C. § 1441. However, in the Eleventh Circuit, the law permits a third-party defen-

dant to remove an action where a separate and independent controversy is stated in the third-party complaint. *Carl Heck Engineers v. Lafourche Parish Police*, 622 F.2d 133 (5th Cir.1980).[2]

■ To determine whether a third-party action is "separate and independent" the court must inquire whether the primary and third-party actions arise from "an interlocked series of transactions or occurrences resulting in injury directly to the plaintiff, and also having a substantial nexus to the invasion of the right of the third party plaintiff." *See Friends Hospital v. Shaw*, No. 87–1593, slip op., 1987 WL 12755 (E.D.Pa. June 18, 1987) (available June 18, 1989 on LEXIS, Genfed library, Dist file). In the case at hand, the court finds that third-party plaintiff's action is akin to the third-party plaintiff's suit for indemnity in *Carl Heck*, 622 F.2d at 136. In this Circuit, such a claim is deemed separate and independent within the meaning of 28 U.S.C. § 1441(c). *Id.* Thus, the court finds that Friese's complaint could be removed by a third-party defendant as it was "separate and independent." However, the court must still consider whether the third-party complaint falls within federal court jurisdiction.

## II. *ERISA Preemption*

■ The well-pleaded complaint rule provides that federal jurisdiction exists only where the federal question is presented on the face of the complaint. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429. A case may not be removed on the basis of a federal defense such as pre-emption even if the defense is anticipated in the complaint. *Whitman v. Raley's Inc.*, 886 F.2d 1177 (9th Cir.1989). However, if Congress completely preempts law in a particular area, any civil claim arising in that area may necessarily be federal. *Id.; see also, Metropolitan Life Insurance Co. v. Tay-*

---

1. 28 U.S.C. § 1447(c) provides in part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

2. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent all former Fifth Circuit cases submitted or decided prior to October 1, 1981.

*lor,* 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Removal is appropriate in such a case because Congress has manifested a clear intent to make such causes of action removable.

ERISA applies to all employee welfare benefit plans established by an employer engaged in interstate commerce or in any industry affecting interstate commerce. 29 U.S.C. 1002. The civil enforcement mechanism of ERISA, 29 U.S.C. § 1132, affords the exclusive remedies for beneficiaries of a 29 U.S.C. § 1003(a) plan who believe such plan is not being administered in accordance with its terms or within the provisions of ERISA. *See Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Taylor,* 481 U.S. at 58, 107 S.Ct. at 1542; *Belasco v. W.K.P. Wilson & Sons, Inc.,* 833 F.2d 277 (11th Cir.1987).

In this case, third-party plaintiff's complaint raises only a state law claim. However, pursuant to *Taylor,* 481 U.S. at 58, 107 S.Ct. at 1542, if ERISA pre-empts a state law claim, the claim presents a federal question. *Belasco,* 833 F.2d at 277. ERISA's pre-emption provision is found at section 514, 29 U.S.C. § 1144.

> "Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." § 514(a), as set forth in 29 U.S.C. § 1144(a) (pre-emption clause).

> Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any state which regulates insurance, banking or securities.

Section 514(b)(2)(A), as set forth in 29 U.S.C. § 1144(b)(2)(A) (saving clause).

The Supreme Court in *Dedeaux,* 107 S.Ct. at 1551–52 held that if a state law "relate[s] to ... employee benefit plan[s]," it is pre-empted. "[T]he express pre-emption provisions of ERISA are deliberately expansive." *Id.*

There is no doubt that third-party plaintiff Friese's state law claim for failure to pay insurance benefits "relates to" an employee welfare benefit plan. It is also clear that Friese's claim is not predicated on a law that "regulates insurance" such that his claim falls within the ERISA "saving clause." Therefore, Friese's claim falls under ERISA's preemption clause. We find that this court has jurisdiction over third-party plaintiff's claims pursuant to ERISA. Accordingly, third-party defendant is entitled to removal of the above-styled action to this forum.

CONCLUSION

The court DENIES third-party plaintiff's motion to remand.

So ORDERED.