Leonard WEIR and Paula
Weir, Plaintiffs,

v.

NORTHWESTERN NATIONAL LIFE IN-
SURANCE COMPANY and Mary Wick-
er, Plan Administrator, Atlantic West-
ern Personnel Leasing Corporation and
Atlantic Western Personnel Leasing
Corporation, Defendants.

Civ. A. No. 92–0679.

United States District Court,
E.D. Pennsylvania.

July 2, 1992.

Gary C. Bender, Cramp, D'Iorio, McCon-
chie & Forbes, P.C., Media, Pa., for plain-
tiffs.

Howard J. Kaufman, Kaufman Coren &
Ress, Philadelphia, Pa., for defendant
Northwestern Nat. Life Ins. Co.

MEMORANDUM

ROBERT F. KELLY, District Judge.

This is an action brought by Leonard and Paula Weir ("Plaintiffs") to recover unpaid medical bills allegedly due under the Employee Health Insurance Plan of Atlantic Western Personnel Leasing Corporation ("AWPL"). Plaintiffs have named Defendant Northwestern National Life Insurance Company ("NWNL") in Counts III, IV and V of their Complaint. NWNL filed a Motion to Dismiss Plaintiffs' Complaint for failure to state a claim entitling Plaintiffs to relief.

Count III of the Complaint is a state claim for breach of contract against NWNL. Count IV is a state claim alleging bad faith for NWNL's failure to notify Plaintiffs of the cancellation of their insurance coverage. Count V is a claim for breach of fiduciary duty under ERISA.

■ The Employee Retirement Income Security Act ("ERISA") is a comprehensive legislative scheme including an integrated system of procedures for enforcement. *Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77, 97, 101 S.Ct. 1571, 1583–84, 67 L.Ed.2d 750 (1981). The "pre-emption clause," section 514(a) of ERISA, provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. section 1144(a). In *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–100, 103 S.Ct. 2890, 2899–2902, 77 L.Ed.2d 490 (1983), the Supreme Court noted the expansive sweep of ERISA's pre-emption clause. In *Shaw*, the phrase "relates to" was given a broad common sense meaning such that a state law "relates to" a benefit plan if it has a connection with or reference to such a plan. *Id.* at 97, 103 S.Ct. at 2900. The Court emphasized that "the pre-emption clause is not limited to state laws specifically dealing with the subject matters covered by ERISA—reporting, disclosure, fiduciary responsibility, and the like." *Id.* at 98, 103 S.Ct. at 2900. The only relevant state laws that are not pre-empted, are those that are specifically exempted from the scope of ERISA. *Alessi v.*

*Raybestos–Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981).

The Supreme Court dealt with a breach of contract claim under an employee benefit plan in *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The Court held that the common law contract claims at issue were pre-empted by ERISA since they "related to an employee benefit plan." *Id.* at 62, 107 S.Ct. at 1546. In *Metropolitan* the Court recognized that "the policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id.* at 64, 107 S.Ct. at 1547 (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556–57, 95 L.Ed.2d 39 (1987)).

■ State law claims that relate to the administration of an ERISA-governed plan, but which have no impact on employee benefit plans, are within the scope of ERISA pre-emption. *Holland v. Burlington Industries, Inc.*, 772 F.2d 1140, 1147 (4th Cir.1985). In *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 923 (3d Cir.1990), the Third Circuit held that section 514(a) pre-empted the employees' misrepresentation claims since they related to an employee benefit plan. The court dismissed the state law claims and the plaintiffs were denied an opportunity to amend their complaint. *Id.* at 923. The court in *Pane v. RCA Corp.*, 868 F.2d 631 (3d Cir.1989) also dealt with the issue as to whether state law and ERISA co-exist under the Act. Dismissing three state law counts, including a breach of contract claim, the court found that state law and ERISA do not co-exist for purposes of enforcement of an employee benefit plan. *Id.* at 635.

■ The nature of Counts III and IV of Plaintiffs' Complaint are made with reference to AWPL's benefit plan. These claims clearly "relate to" the benefit plan and are therefore pre-empted by ERISA. By claiming state law violations, Plaintiffs are attempting to substitute state law for

ERISA's carefully devised enforcement procedures. *McMahon v. McDowell*, 794 F.2d 100, 107 (3d Cir.1986). When enacting ERISA, Congress intended to explicitly rule out this option. For these reasons, Counts III and IV of Plaintiffs' Complaint are dismissed.

■ Count V of Plaintiffs' Complaint alleges that NWNL breached its fiduciary duty under ERISA. Pursuant to the provisions of ERISA, "a person is a fiduciary with respect to a plan to the extent (i) he exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation ..., or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. section 1002(21)(A). In determining who is a fiduciary under ERISA, courts consider whether a party has exercised discretionary authority or control over a plan's management, assets, or administration. *Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1148–51 (3d Cir.1989).

■ In the present case, NWNL had no discretionary or decision making authority. NWNL contracted with AWPL to provide only administrative duties pursuant to the Administrative Services Only plan. NWNL's duties as outlined in this plan were solely ministerial. In addition, NWNL was not the Plan Administrator. Therefore, NWNL is a non-fiduciary under ERISA and Count V of Plaintiffs' Complaint must be dismissed.

■ This Court notes that the Third Circuit has yet to address the issue of whether non-fiduciaries can be held liable under ERISA. However, a number of district courts in this Circuit have rendered decisions in this area. Those courts which do recognize non-fiduciary liability under ERISA do so only in limited circumstances. "The one situation in which courts have imposed ERISA fiduciary status on a party not otherwise meeting the definition of fiduciary is when a non-fiduciary knowingly colludes with a fiduciary to impair a fund's assets." *Dole v. Compton*, 753 F.Supp.

563, 567 (E.D.Pa.1990) (citations omitted). A number of other district court opinions from this Circuit have supported this finding holding that liability under ERISA may be imposed upon non-fiduciaries who knowingly participate with a fiduciary in a breach of trust. *Motor Carriers Labor Advisory Council v. Trucking Management, Inc.*, 1990 WL 1422 (E.D.Pa.1990); *Pension Fund Local 701 v. Omni Funding Group*, 731 F.Supp. 161 (D.N.J.1990); *Brock v. Gerace*, 635 F.Supp. 563 (D.N.J. 1986). In *Omni Funding Group*, the court noted that "there is a split among circuits over whether ERISA provides a cause of action against non-fiduciaries with most circuits answering this question in the affirmative." 731 F.Supp. at 177 (citing *Block v. Hendershot*, 840 F.2d 339, 342 (6th Cir.1988); *Lowen v. Tower Asset Management, Inc.*, 829 F.2d 1209, 1220–21 (2d Cir.1987); *Fink v. National Sav. & Trust Co.*, 772 F.2d 951, 958 (D.C.Cir.1985); *Thornton v. Evans*, 692 F.2d 1064, 1078 (7th Cir.1982); *Nieto v. Ecker*, 845 F.2d 868, 871–73 (9th Cir.1988)). Adopting the reasoning of earlier decisions from this Circuit, I find that in order to adequately state a claim for relief against a non-fiduciary under ERISA, a plaintiff must allege that the non-fiduciary "knowingly participated in a breach of trust with a fiduciary." In accord with this finding, Plaintiffs in the present case may amend Count V of their Complaint to sufficiently state a cause of action under ERISA against NWNL as a non-fiduciary.

■ In the event that Plaintiffs are unable to allege that NWNL "knowingly participated in a breach of trust," the question arises as to whether a lack of remedy against NWNL precludes such a result since the state law claims have been dismissed. In enacting ERISA, Congress intended to make pension plan regulation exclusively a federal concern. *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). The exclusive federal authority granted under ERISA results in the uniform, prompt and fair resolution of disputes. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct.

1549, 1556–57, 95 L.Ed.2d 39 (1987). With this in mind, I must refer to the Court's decision in *Caterpillar Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In that case, the Court noted that the scope of federal pre-emption is not restricted by the fact that certain plaintiffs may be left without a remedy. *Id.* at 392 n. 4, 107 S.Ct. at 2429 n. 4 (citing *Avco Corp. v. Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)).

The Third Circuit has not yet addressed the question of whether the absence of a remedy precludes federal pre-emption under ERISA. However, in *Lister v. Stark,* 890 F.2d 941, 946 (7th Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990), the Seventh Circuit held that a claim is still pre-empted under ERISA even if the plaintiff is left without a remedy. The court reasoned that the appropriate question is "relatedness" and found that "the availability of a federal remedy is not a prerequisite for federal pre-emption." *Id.* at 946. Furthermore, the Fifth Circuit concurred by ruling that "the congressional policy in favor of exclusive federal regulation of pension plans requires pre-emption of state claims, without regard to whether ERISA provides a remedy." *Lee v. E.I. DuPont de Nemours & Co.,* 894 F.2d 755, 757 (5th Cir.1990). In *Shulman v. Hosposable Products, Inc.,* No. 89–4822, 1991 WL 160340, at *3, 1991 U.S.Dist.Lexis 11663, at *7 (D.N.J.1991), the court dismissed the plaintiff's state law claims holding that the claims were pre-empted even though plaintiffs could not maintain an action under ERISA. Accordingly, despite the possibility that a plaintiff may be left without a remedy, all claims "relating" to pension plans are pre-empted by ERISA. Therefore, in the event that Plaintiffs cannot allege that NWNL "knowingly participated in a breach of trust," Plaintiffs' lack of remedy against NWNL does not create a defense to federal pre-emption. I shall therefore enter the following order.

## ORDER

AND NOW, this 2nd day of July, 1992, upon consideration of Defendant North-western National Life Insurance Company's Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim and all the responses thereto, it is hereby ORDERED that:

1. Defendant's Motion to Dismiss Counts III, IV and V of Plaintiffs' Complaint is GRANTED; and

2. Plaintiffs shall have 20 days from the date of this Order to Amend Count V of their Complaint in order to adequately state a claim for relief.