### INSTITUTE OF PENNSYLVANIA HOSPITAL

v.

### The TRAVELERS INSURANCE COMPANY.

Civ. A. No. 93–CV–0486.

United States District Court,
E.D. Pennsylvania.

June 29, 1993.

Ellen J. Feinberg, Hayt, Hayt & Landau, Philadelphia, PA, for plaintiff.

Donna M. Dever, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for defendant.

*MEMORANDUM AND ORDER*

JOYNER, District Judge.

This case is once more before this Court for disposition of the plaintiff's Motion to Remand to the Court of Common Pleas of Philadelphia County and the defendant's Cross–Motion to Dismiss the plaintiff's pendent state law claims on the grounds that the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1001, *et seq.* preempts any and all causes of action which may arise under state law. On March 29, 1993, this court issued a Memorandum and Order with respect to these motions directing the parties to take discovery relative to the issue of whether or not the benefits plan at issue was governed by the terms of ERISA. On May 19, 1993, the parties submitted a stipulation of facts to the court whereby they agreed that the plan is governed by ERISA and indicating that the motions are therefore now ripe for disposition.

### HISTORY OF THE CASE

Briefly stated, the relevant facts underlying the instant civil action are as follows. On March 23, 1990, the insured in this case, one Norman Black, was first admitted to the Institute of Pennsylvania Hospital for medical treatment and care and remained hospitalized until April 9, 1990. On July 30, 1990, he was re-admitted to the plaintiff hospital and remained hospitalized until September 13, 1990. Mr. Black was again hospitalized on September 20, 1990 through October 10, 1990 and between October 15 and November 26, 1990. At all times relevant to this cause of action, Mr. Black was a railroad/railway employee who was eligible for and received health care benefits under the Health and Welfare Plan of the Nation's Railroads and the Railway Labor Organizations, a plan issued by The Travelers Insurance Company. At the time each of his hospitalizations commenced, Mr. Black assigned his right to receive benefits under the Plan directly to the plaintiff.

By way of its complaint, which was originally filed in the Court of Common Pleas of Philadelphia County on December 11, 1992, the plaintiff contends that while the defendant has directly paid it the sum of $83,-124.76 on behalf of Norman Black, there still remains due and owing $6,169.25, which the defendant has steadfastly refused to pay. Thereafter, on January 28, 1993, Travelers filed its Notice of Removal to this Court pursuant to 28 U.S.C. § 1441 alleging, *inter alia,* that this court has original jurisdiction of this action because it arises under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(e). In response, the plaintiff filed its motion to remand, denying that its claim for unpaid hospital and medical services is governed by "ERISA." As noted above, the defendant then filed a motion to dismiss any pending state law claims for the same reason that because this case arose under "ERISA," that act effectively preempts any and all pendent state claims for relief.

### DISCUSSION

The standards applicable to motions such as the ones now before the court are well and firmly established. In considering a motion to dismiss for failure to state a claim upon which relief may be granted, the court must accept as true all of the allegations recited in the complaint, construing them in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Securities, Inc.,* 764 F.2d 939 (3rd Cir.1985); *Hough/Loew Associates, Inc. v. CLX Realty Co.,* 760 F.Supp. 1141 (E.D.Pa.1991). In order to prevail on a motion to dismiss, Defendant must establish that Plaintiff can prove no set of facts which would entitle it to relief. *See: Oatess v. Sobolevitch,* 914 F.2d 428, 431, note 8 (3rd Cir.1990); *Hendrix v. Fleming Companies,* 650 F.Supp. 301 (W.D.Okla. 1986).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending ..." In the absence of diversity of citizenship of the parties, federal question jurisdiction is of course required. *See: Coardes v. Chrysler Corp.,* 785 F.Supp. 480 (D.Del.1992). In ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed, assuming as true all factual allegations of the complaint. *Steel Valley Authority v. Union Switch and Signal Division, American Standard, Inc.,* 809 F.2d 1006, 1010 (3rd Cir. 1987). The removal statutes are to be strictly construed by the federal courts and any and all doubts are to be resolved in favor of

remanding cases to the state courts. *Commonwealth Film Processing, Inc. v. Moss & Rocovich, P.C.*, 778 F.Supp. 283 (W.D.Va. 1991); *Holly Farms Corp. v. Taylor*, 722 F.Supp. 1152 (D.Del.1989).

Moreover, 28 U.S.C. § 1447(c) requires a district court to remand a case to state court when it determines that that case was removed without jurisdiction.[1] Generally, a complaint may not be removed from state court to federal court unless it could have been filed originally in federal court. *Charter Medical Corp. v. Friese*, 732 F.Supp. 1160, 1162 (N.D.Ga.1989) citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose. In other words, the federal question upon which jurisdiction is premised must be presented on the face of the plaintiffs' properly pleaded complaint. *Albert Einstein Medical Center v. National Benefit Fund for Hospital & Health Care Employees*, 740 F.Supp. 343, 348 (E.D.Pa.1989). *See Also: Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) and *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914).

Although as a general matter, preemption is a defense which can not be considered in determining whether the complaint contains any federal question claims which support federal court jurisdiction, the courts have created a limited exception to this rule when the plaintiff's "artful pleading" is the sole reason for the omission of the federal issue from the complaint. Thus, a plaintiff may not defeat removal by failing to plead necessary federal questions in a complaint.

*Shiffler v. Equitable Life Assurance Society of U.S.*, 609 F.Supp. 832, 835 (E.D.Pa.1985) citing, *inter alia, Franchise Tax Board, supra*, 463 U.S. at 22, 103 S.Ct. at 2853.

Likewise, under the complete preemption doctrine, Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character. This doctrine has been said to arise only when two circumstances are present: when the enforcement provisions of a federal statute create a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate and when there is affirmative evidence of a congressional intent to permit removal despite the plaintiff's exclusive reliance on state law. *Allstate Insurance Company v. 65 Security Plan*, 879 F.2d 90, 93 (3rd Cir.1989) citing *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) and *Railway Labor Executives Association v. Pittsburgh & Lake Erie Railroad Co.*, 858 F.2d 936, 943–943 (3rd Cir.1988). Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered from its inception a federal claim and removal is appropriate in such a case because Congress has manifested a clear intent to make such causes of action removable. *Albert Einstein Medical Center, supra*, 740 F.Supp. at 348 citing *Caterpillar, Inc. v. Williams, also supra*, 482 U.S. at 393, 107 S.Ct. at 2430; *Charter Medical Corp. v. Friese, supra*, at 1163.

Applying the foregoing principles to the statute at issue in the case at bar, it should preliminarily be noted that ERISA has been defined as "a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Section 514(a) of the statute, 29 U.S.C. § 1144(a), in turn, effectively pre-empts "any and all State laws" (with the exception of state laws regulating insurance,

---

**1.** Specifically, that section states, in relevant part:

"A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded ..." (emphasis added)

banking, securities, worker's and unemployment/disability compensation and criminal offenses) "insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 91, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. *Id.*, 463 U.S. at 96–97, 103 S.Ct. at 2900.

 Under this broad, common-sense meaning, a state law may "relate to" a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect. The pre-emption clause is not limited to state laws specifically dealing with the subject matters covered by ERISA—reporting, disclosure, fiduciary responsibility, and the like nor is pre-emption precluded simply because a state law is consistent with ERISA's substantive requirements. *Ingersoll–Rand Co., v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990), citing *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987) and *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388–89, 85 L.Ed.2d 728 (1985); *Weir v. Northwestern National Life Insurance Co.*, 796 F.Supp. 846, 847 (E.D.Pa.1992). Indeed, the only relevant state laws that are not pre-empted are those that are specifically exempted from the scope of ERISA. *Id.*, citing *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981).

 Instantly, according to paragraphs 3, 8, 9, 10, 12 and 13 of its complaint, the plaintiff claims to be entitled to the payment in full of the medical services and benefits which it rendered to Mr. Black under the terms and provisions of the Health and Welfare Plan of the Nation's Railroads and the Railway Labor Organizations issued by the defendant Travelers.[2] The Act, in turn, at 29

U.S.C. § 1132(a)(1)(B) provides that "a civil action may be brought—by a [plan] participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ..." Given the clarity of this language, we can reach no other conclusion but that the plaintiff's cause of action in this case arose under the federal law created by ERISA and that ERISA therefore preempts any and all other state or common law claims which may have arisen from this case. Accordingly, the plaintiff's motion to remand this action to the Philadelphia Court of Common Pleas is denied and, to the extent that there any common law state claims have been stated in the plaintiff's complaint, those claims are hereby dismissed.

An appropriate order is therefore attached.

### ORDER

AND NOW, this 29th day of June, 1993, upon consideration of Plaintiff's Motion to Remand this Case to the Court of Common Pleas of Philadelphia County and the Defendant's Motion to Dismiss Any State Law Claims Presented in Plaintiff's Complaint for Failure to State a Claim, it is hereby ORDERED that the Plaintiff's Motion to Remand is DENIED and that the Defendant's Motion to Dismiss Any State Law Claims Presented in the Complaint is GRANTED for the reasons set forth in the preceding Memorandum Opinion.

---

**2.** Although the plaintiff argues in its brief in support of its motion to remand that "the payment sought is for amounts Plaintiff claims to be entitled to as [a] result of the alleged representations made by defendant, not under the terms of the plan," its pleadings nowhere reflect this allegation. To the contrary, the complaint seeks to recover the $6,169.25 which the plaintiff contends it is still owed under the terms of Mr. Black's health care plan.