**Teri L. KUHN and Rod S. Kuhn, Plaintiffs,**

v.

**BRUNSWICK CORPORATION, Teleflex, Incorporated, John Doe I, John Doe II and John Doe III, Defendants.**

**No. 1:94–CV–1239–RHH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 27, 1994.

James Arthur Goldstein and Marci R. Rosenberg, Goldstein & Redic, Atlanta, GA, for plaintiffs.

W. Pitts Carr and Jan Renee' Kastanakis Carr Tabb & Pope, Atlanta, GA, for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This case comes before the Court on: (1) Defendants' Joint Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion to Remand [7–1]; and (2) Plaintiffs' Motion to Remand [3–1]. The Court: (1) GRANTS Defendants' Joint Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion to Remand [7–1]; and (2) GRANTS Plaintiffs' Motion to Remand [3–1].

## BACKGROUND

Plaintiffs are citizens and residents of the State of Georgia. Defendant Brunswick Corporation ("Brunswick") is a Delaware corporation maintaining its principal place of business in Illinois. Defendant Teleflex, Incorporated ("Teleflex") is a Delaware corporation maintaining its principal place of business in Pennsylvania.

On February 18, 1994, Plaintiffs filed a personal injury complaint against Defendants in the Superior Court of Fulton County, Georgia. Defendant Brunswick was served with process on its registered agent on February 22, 1994. Defendant Teleflex was served with process on April 11, 1994. On May 9, 1994, Teleflex filed a Notice of Removal with the Court on the basis of diversity jurisdiction.[1]

Plaintiffs filed a Motion to Remand on May 23, 1994, asserting that Defendant Brunswick failed to remove the case within thirty days

1. Paragraph 5 of Defendant Teleflex's Notice of Removal states that "all defendants concur in

of service. 28 U.S.C. § 1446(b). Defendants contend that Plaintiffs' action did not become removable until interrogatories were answered, thus tolling the thirty day removal period for Brunswick. In the alternative, Defendants argue that Teleflex sought removal within thirty days of being served and that Brunswick properly joined in the removal petition.

## DISCUSSION

I. *Defendants' Joint Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion to Remand*

Because the Court finds that Defendants' Joint Surreply in Opposition to Plaintiffs' Motion to Remand is helpful, the Court GRANTS Defendants' Joint Motion for Leave to File Surreply in Opposition to Plaintiff's Motion to Remand.

II. *Plaintiffs' Motion to Remand*

  A. *Federal Subject Matter Jurisdiction*

    1. *Standard for Federal Subject Matter Jurisdiction*

A federal court has subject matter jurisdiction over diversity cases. Diversity jurisdiction permits a federal court to hear a case involving questions of state law if the opposing parties are citizens of different states. A corporation is considered a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Litigants must also satisfy a jurisdictional amount; only diversity cases involving amounts in controversy greater than fifty thousand dollars may be filed in federal court. 28 U.S.C. § 1332(a).

Removal allows a defendant to transfer a case from a state court to the federal court in the district where the case is pending. 28 U.S.C. § 1441(a). Removal is appropriate for any civil action over which the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a); *Charter Medical*

removal."

**1446**

Corp. v. Friese, 732 F.Supp. 1160, 1162 (N.D.Ga.1989) (Hall, J.).

The procedure for removal is set out in 28 U.S.C. § 1446, subsection (a) of which requires the defendant seeking removal to file a petition containing "a short and plain statement of the grounds for removal." Subsection (b) sets forth the time period in which the defendant must file a petition to remove:

> The notice ... shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...

> "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ..."

■ All named defendants must consent to or join the petition for removal. Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325, 326–27 (5th Cir.1970); Clyde v. Nat'l Data Corp., 609 F.Supp. 216, 218 (N.D.Ga.1985) (Evans, J.). Defendants must express this unanimity to the court within the thirty day period. See, e.g., Harris v. Edward Hyman Co., 664 F.2d 943, 945 (5th Cir.1981), reh'g denied, 669 F.2d 733 (5th Cir.1982) (defendants must "manifest" consent within thirty days); Clyde, 609 F.Supp. at 218.

■ Removal is a purely statutory right. Accordingly, a court should strictly construe removal statutes in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); Clyde, 609 F.Supp. at 219.

B. *Application*

1. *Removability*

Plaintiffs' initial pleading did not indicate Plaintiffs' state of residency. As a result of this oversight, Defendants argue that they could not ascertain whether Plaintiffs' action was removable until the initial interrogatories were answered. Plaintiffs contend that, under section 1446(b), the initial complaint was sufficient to determine the existence of federal diversity jurisdiction.

■ The initial pleading must provide a clear statement of the case that will allow the defendant to examine the basis for the action. In particular, the defendant must be able to "intelligently ascertain removability from [the] face" of the initial pleading. Perimeter Lighting, Inc. v. Karlton, 456 F.Supp. 355, 358 (N.D.Ga.1978) (O'Kelley, J.) When the initial pleading provides at least a clue as to the plaintiff's citizenship, the burden is on the defendant to file the petition for removal within thirty days of receipt of the initial pleading. Kanter & Eisenberg v. Madison Assocs., 602 F.Supp. 798, 801 (N.D.Ill.1985); Richman v. Zimmer, Inc., 644 F.Supp. 540, 541 (S.D.Fla.1986); Kaneshiro v. North Am. Co. for Life and Health Ins., 496 F.Supp. 452, 462 (D.Haw.1980).

■ An overwhelming majority of the courts that have considered this matter have concluded that the plaintiff's failure to allege a party's citizenship in the initial pleading does not prevent the thirty day removal period from commencing. See e.g., Stokes v. Victory Carriers, Inc., 577 F.Supp. 9, 11 (E.D.Pa.1983) (holding that plaintiff's failure to allege citizenship of first defendant did not constitute "good cause" for second defendant's failure to timely join in removal petition) and cases cited therein. Moreover, several courts have found that when the initial pleading is "indeterminate" as to the parties' citizenship, "the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion." Kaneshiro, 496 F.Supp. at 455–56, 462.

Because Defendant Brunswick was aware of its own citizenship, because the accident occurred in Michigan, and because Plaintiffs filed suit in Georgia, the Court FINDS that Defendant Brunswick could have intelligently ascertained removability from the face of the initial pleading. Accordingly, the Court concludes that the thirty day period for removal commenced on February 22, 1994, when Defendant Brunswick received service.

### 2. *Timeliness of Removal*

Defendants contend that Teleflex had thirty days from the date on which Teleflex was served to file a removal petition. Plaintiffs argue that Defendant Brunswick's failure to remove within thirty days of service barred Teleflex's Notice of Removal.

Whether the thirty day limit on removal to federal court begins to run with the first service when defendants are served on different days is a question of first impression in this Court. The issue is whether Teleflex has thirty days from the time Teleflex was served to petition for removal or must remove within thirty days of the first defendant's service.

Two circuits and the majority of district courts that have addressed this issue have held that, if a defendant permits the thirty day removal window to pass, it cannot later consent to removal by a subsequently served defendant. Consequently, the case may not be removed. *See, e.g., McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924, 926 n. 3 (4th Cir.1992) (when defendant B is served more than thirty days after defendant A is served, if A does not petition for removal within thirty days, the case may not be removed); *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of N. Am.,* 841 F.2d 1254, 1262 (5th Cir.1988) (all served defendants must join in removal no later than thirty days from day on which first defendant was served). *See also Schmidt v. NOW,* 562 F.Supp. 210, 212 (N.D.Fla.1983) (if defendant who was served first fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent) and cases cited therein.

Defendant Brunswick received service on February 22, 1994. Teleflex submitted notice of removal on May 9, 1994. Before May 9th, this Court did not receive notice of removal from any defendant in this action.

The Court FINDS that Defendants failed to file a timely notice of removal and that the thirty day rule precludes Defendants from removing this case. Therefore, the Court GRANTS Plaintiffs' Motion to Remand.[2]

### CONCLUSION

The Court: (1) GRANTS Defendants' Joint Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion to Remand [7–1]; and (2) GRANTS Plaintiffs' Motion to Remand [3–1].

So ORDERED.

---

**2.** Because this Court holds that the thirty day rule bars Defendants from removing this action, the Court declines to address whether Defendant Brunswick properly joined Defendant Teleflex's Notice of Removal.